UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS C. DANIELS,<br><br>    Petitioner,<br><br>  v.<br><br>JILL BROWN, warden,<br><br>    Respondent.<br>_____ / | No. C 05-2684 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE** |

## INTRODUCTION

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Louis C. Daniels challenges a 2001 Board of Prison Terms ("BPT") decision refusing to set his term of years of imprisonment. Respondent has moved to dismiss the petition, contending that several claims are unexhausted and procedurally barred and that this court lacks subject matter jurisdiction over the only claim that is exhausted. The motion will be denied because (a) respondent argues lack of subject matter jurisdiction as to a claim petitioner did <u>not</u> make in his petition, (b) respondent fails to present an adequate record for the court to determine that state judicial remedies have not been exhausted, (c) even if the federal constitutional claims were presented to the state superior court, the state superior court rejected them for a curable defect that does not amount to a procedural default, and (d) even if the federal constitutional claims were rejected by the state superior court for failure to exhaust state <u>administrative</u> remedies, the federal habeas requirement of exhaustion of state <u>judicial</u> remedies would be excused because there is no longer an administrative appeals process for petitioner to use to satisfy the condition precedent to the state court considering his claims on the merits.

**BACKGROUND**

Louis Daniels is in a California state prison serving a sentence of seven years to life imprisonment after being convicted in 1977 of kidnapping, robbery, rape, assault with intent to commit rape, false imprisonment, assault with a deadly weapon, receiving stolen property and attempted robbery.

Daniels' case presents some unusual issues because of the age of his conviction. He committed his crimes in 1976 and was sentenced in 1977, before California's indeterminate sentence law ("ISL") was largely displaced by the determinate sentence law ("DSL"). Daniels' petition suggests that he is one of the dwindling number of inmates who was sentenced under the ISL but would receive a determinate sentence under the DSL if sentenced today, although the court does not now determine that he is such an inmate.[1]

Daniels' federal habeas petition has three federal constitutional claims: the BPT decision refusing to set a term of years violated his rights to due process, to equal protection of the laws, and to be free from ex post facto laws. Daniels "does not contend he is entitled to be found parole ... suitable" but instead contends he has a separate right to have his term of years set. Petition, p. 2. Daniels asserts that he has a right to have his prison term set without any finding of parole suitability.[2] Despite respondent's assertion to the contrary, Daniels does not claim that he should have been found suitable for parole.

Daniels filed a petition for writ of habeas corpus in the Marin County Superior Court,

---

[1] The court does not find that Daniels has an ISL sentence that would be a DSL sentence if imposed today because there is no abstract of judgment or other document explaining the sentence imposed following his conviction on numerous charges. Although many of his listed crimes now have determinate sentences, a kidnapping for robbery or rape committed today may result in an indeterminate sentence of life with the possibility of parole, rather than a sentence of a term of years. See Cal. Penal Code § 209. The court expects that the parties will clarify how the sentence was calculated when they brief the merits of the petition.

[2] The BPT apparently decided that Daniels was not suitable for parole. See 12/19/01 BPT hearing transcript, p. 37. This court understands Daniels to be arguing that, regardless of that finding, state law imposed a separate and independent requirement on the BPT to promptly set a term of years for him, and that the BPT's failure to do so violated his constitutional rights. Specifically, his petition claims that the BPT's refusal to set a term of years violated his rights under the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ex Post Facto Clause of Article I of the U.S. Constitution.

2

1 which was denied in a reasoned order. The court rejected an insufficiency-of-the-evidence claim on the merits and rejected the rest of the claims as unripe because Daniels had not exhausted administrative remedies before filing his court action. See Resp. Exh. 1. This court cannot determine whether the three claims in Daniels' federal petition were included in the petition filed in the Marin County Superior Court because neither party submitted a copy of that document to this court.

Daniels next filed a petition for writ of habeas corpus in the California Court of Appeal. The petition was denied in an unexplained one-sentence order. See Resp. Exh. 2. This court cannot determine whether the three claims in the federal petition were made in the petition filed in the California Court of Appeal because neither party submitted a copy of that document to this court.

Daniels next filed a petition for writ of habeas corpus in the California Supreme Court, Daniels v. California Board of Prison Terms, Cal. Supreme Court No. S124315. The three federal constitutional claims were mentioned in his petition. See Resp. Exh. 3, pp. 3, 6, and 17. The petition was denied in an unexplained one-sentence order. See Resp. Exh. 3.

**DISCUSSION**

Respondent moves to dismiss the action because state judicial remedies have been exhausted for only one claim in the petition and the court does not have subject matter jurisdiction over that one claim. Respondent further urges that the other claims are unexhausted and cannot now be exhausted because they are procedurally defaulted.

A.   Subject Matter Jurisdiction

Respondent argues that this court lacks subject matter jurisdiction over the due process claim which is the only claim as to which state judicial remedies have been exhausted. Respondent mischaracterizes Daniels' due process claim as "a Due Process Claim Challenging Whether the Board had Sufficient Evidence To Find Him Unsuitable for Parole." Motion To Dismiss, p. 7. As noted earlier in this order, Daniels' due process claim (like his equal protection

3

1 claim and ex post facto claim) is based on his alleged right to have a term of years set without
2 regard for his parole suitability.  Term setting and  suitability determinations are not identical.
3 Because respondent has mischaracterized Daniels' claim, the court rejects respondent's argument
4 as irrelevant.  There is no need for the court to decide whether it has subject matter jurisdiction
5 over a claim not included in the petition for writ of habeas corpus.  If respondent wants to urge
6 that there is no due process right to have a term set, he can do so, but the court will not decide
7 whether Daniels had a federal due process right in connection with the parole suitability question
8 because Daniels does not claim that he did.

10 B.     Exhaustion
11       Addressing respondent's exhaustion argument requires resort to two separate procedural
12 rules governing federal habeas cases.  The exhaustion rule requires that prisoners in state custody
13 who wish to challenge collaterally in federal habeas proceedings either the fact or length of their
14 confinement first exhaust state judicial remedies, either on direct appeal or through collateral
15 proceedings, by presenting the highest state court available with a fair opportunity to rule on the
16 merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c);
17 Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The
18 exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state
19 "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal
20 rights.'"  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).
21       The second procedural rule involved is the procedural default doctrine, which forecloses
22 federal review of a state prisoner's federal habeas claims if those claims were defaulted on in
23 state court pursuant to an independent and adequate state procedural rule.  See Coleman v.
24 Thompson, 501 U.S. 722, 729-30 (1991).  To find procedural default, a federal court must
25 determine that the state court explicitly invoked a state procedural bar as an independent basis
26 for its decision, see id. at 735; McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995), and
27 that the state procedural bar cited was clear, consistently applied and well-established at the time
28 of the petitioner's purported default, see Calderon v. United States Dist. Court (Bean), 96 F.3d

1126, 1129 (9th Cir. 1996).

Respondent's argument that the claims in the petition are unexhausted is rejected because she has not presented an adequate record to support her assertions. The court cannot decide the exhaustion question with reference to only a state court order, but that is just what respondent asks this court to do. Cf. Dye v. Hofbauer, 126 S. Ct. 5, 6 (2005) (state court's failure to discuss or mention a federal claim does not mean that the claim was not fairly presented to it). Respondent's exhaustion argument is based on the Marin County Superior Court's order, but the failure to include the Marin County habeas petition as an exhibit to the current motion to dismiss prevents this court from determining what claims were and were not presented to that court.

The only state court petition in the records before this court is the petition for writ of habeas corpus filed in the California Supreme Court. Upon a review of the petition for writ of habeas corpus in the California Supreme Court, this court concludes that the three federal constitutional claims were fairly presented to that court. See Resp. Exh. 3, pp. 3, 6, and 17. Daniels alerted the California Supreme Court to his claims that the BPT's failure to set a term of years violated his federal constitutional rights to due process, to equal protection of the laws, and to be free from ex post facto laws. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). State judicial remedies have been exhausted for those three claims.

Notwithstanding her failure to provide a copy of the petitions for writ of habeas corpus filed in the two lower state courts, respondent argues that Daniels' claims are unexhausted and cannot now be exhausted because Daniels has exceeded the state law time limits necessary to pursue his administrative appeals and therefore has procedurally defaulted on these claims. The court disagrees.

The Marin County Superior Court identified a curable defect when it stated that the claims presented by Daniels' habeas petition were unripe. After rejecting Daniels' insufficient evidence claim on the merits, the Marin County Superior Court stated that the "balance of Petitioner's arguments are not ripe as he did not exhaust his administrative remedies." Resp.

Exh. 1, p. 2.³  "The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties."  18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989).  A rejection of a claim because it is unripe does not forever bar litigation of that claim; instead, the claim may be pursued later, if and when it becomes ripe.  The situation is similar to the rejection of other petitions for curable defects; the usual court response is to send the litigant away with permission to return after he cures the problem.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (if administrative remedies have not been exhausted under PLRA's exhaustion rule in prisoner civil rights actions, the proper remedy is dismissal without prejudice to filing a new action after the prisoner exhausts administrative remedies); Johnson v Lewis, 929 F.2d 460, 463-64 (9th Cir. 1991) (when unclear if state supreme court would entertain new habeas petition, federal petition should be dismissed without prejudice); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (state court rejection of habeas petition with citation to In re. Swain, 34 Cal.2d 300, 304 (Cal. 1949), means claims have not been pled with sufficient particularity and the deficiency can be cured by renewed state habeas petition unless claims cannot be pled with more particularity).  Here, if the three federal constitutional claims were among the claims presented to the Marin County Superior Court, they were rejected as unripe.  The Marin County Superior Court did not say the claims could never be brought, but only that they were unripe at the time because Daniels had not first presented them in an administrative appeal.  The Marin County Superior Court's decision was not a complete bar to the claims ever being litigated.⁴  The claims are not procedurally barred.

---

³Only state judicial remedies must be exhausted for federal habeas purposes, although a state court may require that state administrative remedies be exhausted before the state court will consider a claim on its merits.  Daniels' case presents the confusing situation where both exhaustion of state administrative remedies and exhaustion of state judicial remedies are in question.

⁴Respondent argues that there is a time limit on the filing of administrative appeals on parole decisions and therefore Daniels cannot return to exhaust the claims so that he can have them considered in state court.  The court disagrees.  Respondent correctly notes that a regulation in effect at the time provided the inmate with a 90-day time limit to submit an administrative appeal from the date of his receipt of the written confirmation of the BPT's parole

6

Even if the three federal constitutional claims were in the habeas petition filed in the Marin County Superior Court and rejected as unripe, this court would not require the petitioner to attempt to exhaust administrative remedies so that he could have the claims considered on the merits by the state court because the administrative appeal system for BPT decisions has been abolished. See Motion To Dismiss, p. 6, footnote 4. In such a case, the requirement of exhaustion of state judicial remedies would be excused because of the extraordinary circumstance that there is no longer any way to exhaust the administrative remedies necessary to have the state court consider the claims on the merits and thereby exhaust state judicial remedies. See 28 U.S.C. § 2254(b)(1); Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances"); Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1990) (extraordinary delay in state courts can render state corrective processes ineffective within meaning of § 2254(b) and excuse exhaustion); Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir. 1981) (exhaustion requirement may be avoided by showing that it would be futile in light of prevailing decisions of highest state court). In sum, if respondent had shown that the federal constitutional claims were among those that the Marin County Superior Court refused to consider on the merits because he had not presented them first in an administrative appeal, the federal habeas exhaustion requirement would be excused because the administrative appeal system's abolition means there is no longer any method by which Daniels could satisfy the condition precedent to the state court considering the claims on the merits.

---

decision. See 15 Cal. Code Regs. § 2052(c) (repealed May 1, 2004). However, respondent overlooks another regulation in effect at the same time that made the time limit less-than-absolute: "The time limits specified in this article [regarding appeals] are directory only and may be extended if the chief deputy commissioner determines the extension is not likely to prejudice the prisoner or parolee." 15 Cal. Code Regs. § 2050 (repealed May 1, 2004). The administratrive appeal procedure for parole matters later was repealed. As a result, the former 90-day deadline could be extended and later there was no deadline because there was no administrative appeal procedure. Under these circumstances, it cannot be said that Daniels should be procedurally barred from pursuing his claims.

7

# CONCLUSION

Respondent's motion to dismiss is DENIED. (Docket # 8.)

In light of the denial of the motion to dismiss, the court now sets the following new briefing schedule on the order to show cause:

1. Respondent must file and serve upon petitioner, on or before **June 30, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 28, 2006**.

IT IS SO ORDERED.

DATED:  May 18, 2006

_____
SUSAN ILLSTON
United States District Judge